IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS,
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | 08 CR 122-4 |
| v. | ) | |
| | ) | Magistrate Judge Maria Valdez |
| DEVON TYLER | ) | |

**DEFENDANT DEVON TYLER'S MOTION REQUESTING
RELEASE ON BOND PENDING TRIAL**

Now comes defendant Devon Tyler by and though his attorney, Gregory T. Mitchell, and respectfully moves this court to order defendant released on bond pending trial pursuant to the Bail Reform Act of 1984, Title 18, United States Code, Section 3142. In support of this motion for bond the following is submitted:

**Background**

Devon Tyler is a 41 year old, life long resident of the Joliet area. Mr. Tyler has four sons and one daughter. Mr. Tyler's mother, brother and sister are also life long residents of Joliet. Mr. Tyler maintains daily contract with his sister, Jacqueline, and their mother. Mr. Tyler does not possess a passport and has never traveled outside the United States.

Since 1999, Mr. Tyler has been in very poor health. He is blind in his right eye and diabetic. Mr Tyler also suffers from very high cholesterol and high blood pressure. Additionally, defendant is required to wear a colostomy bag and is currently suffering extreme pain from a hernia in his stomach. Prior to his arrest, defendant was scheduled to undergo surgery to remove the hernia. The size of the hernia and his stomach pain has

1

increased greatly since his incarceration.  Essential medical treatment and dietary modifications are not available in the Kankakee County Jail.

Mr. Tyler was arrested on February 12, 2008 following an extended undercover investigation beginning in January 2007.  On March 12, 2008 the government requested a thirty-day extension of time to return the indictment in this, and this motion was granted.  Accordingly, Mr. Tyler has been held in custody in excess of 30 days, without indictment.

**Summary of Law**

Section 3141(f) of the Bail Reform Act, pretrial detention is only appropriate for the most serious of crimes and therefore pretrial detention should be reviewed as "an exceptional step." *citing United States v. Torres*, 929 F.2d 291, 292 (7th Cir. 1991).  Thus under the Act, pretrial release is mandated unless this Court finds that, regardless of any combination of conditions, "such release will not reasonably assure the appearance of the defendant as required or will endanger the safety of any other person or the community. 18 U.S.C. § 3142(b).  A rebuttable presumption in favor of detention arises, in part when probable cause exists in a case involving drug charges with a maximum term of imprisonment of ten years or more. 18 U.S.C. § 3142(f)(1)(C).  To rebut the presumption, however, all the defendant must do "is meet a burden of production by coming forward with some evidence that he will not flee or endanger the community if released." *United States v. Domiguez*, 783 F.2d 702, 707 (7th Cir. 1986).  Once this burden of production is met, the presumption is "rebutted". *Id., citing United States v. Jessup,* 575 F.2d 378, 384 (1st Cir. 1985).  The burden of persuasion remains with the government once the burden of production has been met. I*d*. The burden of production is not a heavy burden.  *Id*.

2

Mr. Tyler submits that he can present sufficient evidence to rebut the presumption and to satisfactorily present credible support for the magistrate judge to find that he should be ordered released pending indictment and trial on a reasonable bond. **Defendant Mr. Tyler's 18 U.S.C. §3142(g) Factors**

§ 3142(g)(1) Nature of the charges

The criminal complaint alleges that defendant Tyler was a participant in a conspiracy to distribute cocaine in the Joliet housing projects.  The criminal complaint indicates that Mr. Tyler, was at most, a minor participant with little involvement during the period alleged and during the year-long under-cover investigation.  In fact, the complaint only describes one 2 ¼ ounce crack cocaine uncover drug transaction involving Mr. Tyler on October 18, 2007.

§ 3142(g)(2) Weight of the Evidence

While the criminal complaint also contains numerous allegations that defendant Tyler had been involved with others named in the conspiracy on prior occasions, and that his name is mentioned as someone who "might" be capable of supplying cocaine, there is no direct evidence that Tyler was involved in the charged conspiracy other than the during the one controlled buy, directed by the government.  While this may be "the least important of the various factors," *United States v. Hammond,* 205 F.Supp.2d 1157, 1165 (E.D.Wis, 2002) defendant submits this lack of direct evidence against Tyer supports a finding favoring his release on bond.  Defendant further submits this lack of direct evidence is also significant because in comparison, the government's investigation was extremely thorough and clearly identified the true leaders and significant participants in the conspiracy.

3

§ 3142(g)(3)  Tyler's History and Characteristics

As described above, Tyler is a 41-year old man, in very poor health.  Over the last fifteen years, Mr. Tyler has not been convicted of any violent crime, mob action, street gang activity or any drug distribution offense.   Mr. Tyler also requires immediate medical attention and surgery to remove the growing hernia in his stomach.  Accordingly, should the court order his release on bond, Mr. Tyler plans to immediately self-admit to an appropriate hospital to surgery.

§ 3142(g)(4) Danger to the Community and Risk of Flight

While Mr. Tyler cannot argue that his alleged delivery of 2 ¼ ounces of cocaine on October 18, 2007 presumptively makes him a danger to the community.  However, it is well-settled that the presumption standing alone is ***not*** sufficient to merit pretrial detention.  As the Seventh Circuit explained in *United States v. Dominguez*, 783 F.2d 702, 706-707 (7th Cir. 1986)

> A defendant cannot be detained as dangerous under §3142(e), even if the presumption is not rebutted, ***unless a finding is made that no release conditions will reasonably assure the safety of the community.*** That finding cannot be based on evidence that he has been a danger in the past, except to the extent that his past conduct suggests the likelihood of future presumption of dangerousness in §3142(e); it represents Congressional findings that certain offenders, including narcotics violators, as a group are likely to continue to engage in criminal conduct undeterred either by pendency of charges against them or by the imposition of monetary bond or other release conditions.  To rebut this presumption they need not necessarily show that they are not guilty of the charged crimes in the first

4

place. They could also show that the specific nature of the crimes charged, or that something about their individual circumstances, suggests that what is true in general is not true in the particular case. Any evidence favorable to a defendant that comes within the category of one or both of the presumptions, including evidence of their martial, family and employment status, ties to and role in the community, clean criminal record and other types of evidence encompassed in § 3142(g)(3) (citations omitted).

In this case, the government relies totally on Mr. Tyler's pre-1995 criminal record and nothing more to argue for detention based on dangerousness. Yet Mr.Tyler has no prior conviction for drug distribution, being involved in a conspiracy, or even charged with possession of a large quantity of illegal drugs. In fact, Mr. Tyler has no arrest for selling drugs of any kind.

While Mr.Tyler may have been a danger to his community in 1988 through 1993 because of the battery, burglary and weapon convictions during his youth, there is nothing in Mr.Tyler's recent criminal background (criminal history of the last ten years) that would indicate that he is either a serious flight risk or a danger to his community, either as a large scale drug dealer or supplier. The assigned Pretrial Services Officer only recommended detention because Mr. Tyler's pre-1998 criminal history, crimes for which he has already been punished and released.

Mr. Tyler further contends that this court could easily fashion reasonable conditions to ensure his appearance in court given Mr. Tyler's close and numerous family ties. In fact, defendant's sister, Jacquelyn Tyler, has agreed to serve as a third- party custodian, to permit Mr. Tyler to reside in her residence and she has further agreed to co-

5

sign a suitable signature bond. Ms. Jacquelyn Tyler is employed and is prepared to assist her brother in any capacity.

Case 1:08-cr-00122    Document 96    Filed 04/02/2008    Page 6 of 7

**Conclusion**

In view of the forgoing, Mr. Tyler respectfully requests the magistrate judge reconsider its February 21, 2008 order denying Mr. Tyler's request that the court release him on a reasonable bond.  Release to home confinement would permit Mr. Tyler to receive the necessary medical attention and treatment he desperately requires.

                                        Respectfully submitted,

                                        */s/ Gregory T. Mitchell*
                                        Gregory T. Mitchell
                                        Law Office of Gregory T. Mitchell, P.C.
                                        18141 Dixie Highway, Suite 111
                                        Homewood, Illinois 60430
                                        (708) 799-9325
                                        Attorney for Devon Tyler
                                        Defendant